UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAINE JOHNSON,

    Plaintiff,

v.

    CASE NO. 18-CV-11383
    HON. GEORGE CARAM STEEH

MIDLAND CO. SHERIFF'S
OFFICE JAIL DIV.,

    Defendant.
_____/

## OPINION AND ORDER DISMISSING THE CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

### I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Midland County Jail inmate Tremaine Johnson ("plaintiff") asserts that he was denied law library access due to frivolous jail sanctions and that such action is impeding his defense in a criminal case in which he is representing himself. The plaintiff names the Midland County Sheriff's Office Jail Division as the defendant, but does not include a request for relief. The Court granted the plaintiff leave to proceed without prepayment

-1-

of the filing fee for this action.  See 28 U.S.C. § 1915(a)(1).

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well

as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

## III.  DISCUSSION

The plaintiff identifies the Midland County Sheriff's Office Jail Division as the sole defendant in this action.  Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights.  It is well-settled under Michigan law that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under 42 U.S.C. § 1983.  See Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co., No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); Gross v. Evans, No. 06-CV-13065, 2006 WL 2419195, *2 (E.D. Mich. Aug. 22, 2006); see also Petty v. County of Franklin, Ohio, et al., 478 F.3d 341, 347 (6th Cir. 2007) (county sheriff's office was not a legal entity under Ohio law and was not subject to suit under § 1983); Castillo v. Cook Co. Mail Room Dep't., 990 F.2d 304, 307 (7th Cir. 1993) (per curiam).  The Midland County Sheriff's Office Jail Division is thus not an entity subject to suit under § 1983 and the complaint must be dismissed.

Additionally, the Court notes that the plaintiff does not provide dates or other details in his complaint, nor does he include a request for relief in his complaint.  He thus fails to state a proper claim for relief in his

complaint as required by Rule 8 of the Federal Rules of Civil Procedure. His civil rights complaint must be dismissed.

## IV.  CONCLUSION

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted in his complaint. Accordingly, the Court **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court also concludes that an appeal from this decision cannot be taken in good faith.  See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated:  June 7, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 7, 2018, by electronic and/or ordinary mail and also on
Tremaine Johnson, Midland County Jail,
101 Fast Ice Drive, Midland, MI 48642.

s/Barbara Radke
Deputy Clerk